### The People of the State of Illinois, Defendant in Error, v. Clarence A. Samuel, Plaintiff in Error.

### Gen. No. 21,503.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed April 28, 1916.

## Statement of the Case.

Clarence A. Samuel, defendant, was adjudged to be guilty of contempt of court and sentenced to pay a fine of two hundred dollars, and in default of the payment thereof that he be committed to the county jail, etc. To reverse this judgment, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It appeared that on March 17, 1915, an information, signed and sworn to by Harry J. Berman, an attorney at law at Chicago, was filed in said court. The informant alleged, in substance, that on March 16, 1915, there was pending before the Honorable John Stelk, one of the associate judges of said court, a certain garnishment proceeding entitled: *"Haythorne for use of John Miller v. Chicago & Northwestern Railway Co.";* that on said March 16th the defendant, Samuel, caused to be delivered to one Jesse Phillips, an attorney at law at Chicago, and to be filed in said garnishment suit a certain petition for a change of venue signed by said Samuel, as petitioner, and verified by his affidavit; that in said petition Samuel alleged that "he was the agent for the plaintiff" in said suit; that he feared that he would not receive a fair and impartial trial if said suit was tried before Judge Stelk, "because said judge is prejudiced against the petitioner," and that "said prejudice first came to the knowledge of petitioner on or about October 3, 1914"; that Samuel caused said petition to be presented before Judge Stelk, and a motion was then and there made by said Phillips for a change of venue to some other judge of said court, which motion was denied; that Judge Stelk was first elected one of the judges of said court on November 1, 1914, and did not assume the duties of the office until November 7, 1914; that Samuel filed the affidavit of garnishee summons on March 1, 1915, and that he, by said Phillips as attorney, appeared before Judge Stelk in said garnishment suit on March 6th and March 15, 1915, and made motions therein and obtained orders thereon; that Samuel was not acquainted with Judge Stelk prior to the first case which he (Samuel) had in said court, and that no knowledge came to him on or about October 3, 1914, that Judge Stelk was prejudiced against him; and that Samuel did not present to the court with said petition any power of attorney au-

thorizing him to appear as agent of the plaintiff in said suit and to pray for a change of venue.

On March 17, 1915, the information was presented to Judge Stelk and an order was entered that Samuel show cause, if any he had, within five days why he should not be punished for contempt of court for reasons as set forth in the information, and leave was granted the informant to file interrogatories instanter which Samuel was ruled to answer within five days, and eleven interrogatories were filed.

On March 22, 1915, Samuel filed an answer, verified by his affidavit, to the rule and to the interrogatories, in which he alleged, in substance, that he was and had been for four years engaged with one Herman Frank in carrying on a general collection business; that about two years prior to March, 1915, John Miller (beneficial plaintiff in the garnishment suit) had placed with respondent and Frank claims aggregating about $3,000, for collection and with directions to take all lawful steps to that end; that less than thirty days prior to the institution of the garnishment suit Miller called at respondent's office and directed respondent to bring such suit; that respondent subscribed and swore to the petition for a change of venue on March 16, 1915, and that at that time "he believed the statements contained in said petition to be true, but that since then he has discovered that the statement in said petition with reference to the time that knowledge of prejudice on the part of said Judge Stelk first came to him is erroneous in that the date thereof is laid to October 3, 1914, whereas the correct date is on or about January 9, 1915," and that respondent's error arose from the fact that he was inadvertently misled by certain entries in his office docket; that when the petition was filed respondent believed that such proceedings had been had in the garnishment suit as to cause Judge Stelk to believe that respondent was connected with such suit, and that on account of the vacation by said

judge, on or about January 9, 1915, of a judgment in the suit of *Strelitz v. Walworth,* to which respondent had had some relations, respondent believed that said judge had become prejudiced against him at that time, and further believed, on account of the foregoing, that the garnishment suit would not receive an impartial trial if tried before said judge, and that for that reason alone respondent caused said petition to be presented to said judge by said attorney Phillips; and that respondent "has at all times regarded and still does regard said Judge Stelk, and the court by him presided over, with due respect, and has never consciously or otherwise been guilty of any disobedience of the rules and orders of said court, nor lacking in proper demeanor toward it." The respondent prayed that, having purged himself of contempt with respect to the matters and things set forth in the information, the rule might be discharged.

It appeared from the stenographic report of the proceedings that the cause came on for hearing before Judge Stelk upon the information, interrogatories and answer, and upon arguments of counsel for the respective parties. No evidence was introduced.

On April 3, 1915, the court entered the order and judgment in question. The court found, *inter alia,* that the allegation in said petition for a change of venue (that the prejudice of the court first came to the knowledge of respondent on or about October 3, 1914) was incorrect and untrue; that said petition was signed and sworn to by respondent on March 16, 1915, and not by the beneficial plaintiff, and that no sufficient reason or excuse has been assigned why it was not signed and sworn to by the beneficial plaintiff; that said petition fails to allege that the court was prejudiced against the beneficial plaintiff; that the motion for the change of venue was presented in behalf of respondent without any direct request or suggestion from the beneficial plaintiff; that on March 6th and

March 15th respondent, by and through his attorney, made motions in said garnishment suit and obtained orders thereon, and that no suggestion was made that respondent believed that the court was prejudiced against respondent; that an inspection of the files and records in the case of *Strelitz v. Walworth,* mentioned in respondent's answer, reveals the fact that the judgment in said case was not vacated on January 9th, but upon January 16th, 1915; that the action of respondent in presenting the petition for a change of venue, "which on its face was insufficient," without even the request or suggestion of the beneficial plaintiff, and the further action of respondent in endeavoring to induce the court to grant such change of venue on a petition not made by the beneficial plaintiff, and alleging the prejudice of the court not against said plaintiff but as against the respondent, and the further action of respondent in making the vacation of a judgment in another suit in which he claims he was interested the only basis for his belief of the court's prejudice, without disclosing what evidence of prejudice there was, "all caused unnecessary and unwarranted delay and annoyance in court and interfered with the orderly transaction of the business of the court and also tended to belittle and lessen the dignity of the court, and the apparent freedom indulged in by the respondent in signing and swearing to court pleadings without satisfying himself that the contents thereof are true and correct, if left unnoticed and unpunished, will bring the administration of justice and this court into disrepute and contempt"; that said respondent has failed to show cause why he should not be punished for contempt of court, and that the actions and doings of respondent as recited constitute, and respondent is guilty of, a contempt of this court.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for plaintiff in error.

The People v. Samuel, 199 Ill. App. 294.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTEMPT, § 2*—*when court has power to punish.* The courts of record have an inherent power to punish contempts committed *in facie curiæ.*

2. CONTEMPT, § 1*—*how classified.* Contempts are either direct, such as are offered to the court while sitting as such and in its presence, or constructive, being offered not in its presence, but tending by their operation to obstruct and embarrass or prevent the due administration of justice.

3. CONTEMPT, § 1*—*how proceedings for punishment classified.* Proceedings for contempt are of two classes, those which are criminal in their nature and sometimes called common-law contempts, and those which are intended as purely civil remedies ordinarily arising out of the alleged violation of some order entered in the course of a chancery proceeding.

4. CONTEMPT—*when proceeding to punish for unfounded motion for change of venue criminal.* Where the contempt alleged is the making of a motion for change of venue on the ground of prejudice based on untrue affidavits, the proceeding is criminal.

5. CONTEMPT, § 1*—*when proceeding criminal.* When the contempt alleged consists of something done or omitted in the presence of the court tending to impede or interrupt its proceedings or lessen its dignity, or out of its presence in disregard or abuse of its process, the proceeding is punitive or criminal, and the penalty is inflicted by way of punishment for the wrongful act and to vindicate the authority and dignity of the People as represented by their judicial tribunals.

6. CONTEMPT, § 52*—*what distinction between procedure in equity and at law.* In a contempt proceeding in a court of equity, where the party in contempt has answered the interrogatories, his answer may be contradicted and disproved by affidavits of the adverse party, while in courts of law he may purge himself by oath, and if he clears himself by his answers the complaint is dismissed.

7. CONTEMPT, § 61*—*when answer sufficient to purge.* In a proceeding for contempt alleged to have arisen upon a motion for change of venue on the ground of prejudice, answer to respondent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

examined and *held* to be sufficient to purge him of the alleged contempt.

8. VENUE, § 21*—*when application for change to be signed by party to record.* The application for the change of venue must be made by a party to the record and the petition verified by such party.